993 F.2d 1550
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Moises MARTINEZ-FERRERAS, Defendant-Appellant.
 No. 92-1343.
 United States Court of Appeals, Seventh Circuit.
 Argued April 20, 1993.
Decided May 7, 1993.
 
 Before COFFEY, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Defendant Moises Martinez-Ferreras appeals from his conviction by a jury for conspiracy to distribute and to possess with the intent to distribute cocaine, 21 U.S.C. § 846, and possession with the intent to distribute cocaine, 21 U.S.C. § 841(a)(1), 18 U.S.C. § 2. Defendant alleges that the evidence was insufficient to prove him guilty beyond a reasonable doubt.
 
 
 2
 In April 1991, government agents working undercover recorded conversations between defendant, his brother[1], and Luis Alicea. Carlos Gonzalez participated as a confidential informant.
 
 
 3
 Defendant contends that the evidence was insufficient to support the jury's verdict because there was insufficient evidence to demonstrate that he knowingly participated in any agreement to deliver cocaine on April 17, 1991. He attacks the credibility of the confidential informant, Gonzalez. Furthermore, he argues that the evidence demonstrated that the April 17, 1991 agreement was separate and independent from any isolated acts of defendant himself such that a fatal variance existed between the single conspiracy charged and the trial evidence of multiple conspiracies.
 
 
 4
 This court will not overturn a conviction unless, upon viewing all evidence in a light most favorable to the government and engaging all reasonable inferences which can be drawn therefrom, there is an absence of substantial evidence to support the verdict of guilty. United States v. Duarte, 950 F.2d 1255 (7th Cir.1991). The credibility of a witness is for the jury's determination. United States v. Caudill, 915 F.2d 297 (7th Cir.1990). We will not disturb the verdict unless the testimony is incredible as a matter of law. United States v. Balzano, 916 F.2d 1273, 1286 (7th Cir.1990).
 
 
 5
 In order to establish conspiracy, the government must establish that defendant (1) knew of the conspiracy and, (2) intended to associate himself with the criminal scheme. United States v. Aguilar, 948 F.2d 392, 395 (7th Cir.1991). Evidence of a conspiracy need not be direct, but may be inferred from the circumstances. United States v. Mayo, 721 F.2d 1084, 1088 (7th Cir.1983).
 
 
 6
 The evidence at trial showed that on April 1, 1991, Alicea told Gonzalez he knew someone selling cocaine. The next day, Alicea telephoned Gonzalez. During the conversation, Alicea introduced defendant to Gonzalez, stating that defendant was the cocaine supplier. Alicea turned the phone over to defendant, and defendant discussed the details of the cocaine sale with Gonzalez. They discussed the date of transaction, and whether Gonzalez could trust the buyers. Gonzalez recorded the conversation.
 
 
 7
 On April 3, 1991, Alicea and Gonzalez met in person. Alicea referred to defendant by his first name ("Moises") as his supplier. Alicea stated that he would work out the details of the sale on defendant's behalf. Alicea would accept payment of $24,000; advise defendant that the correct amount was paid; and then deliver the cocaine to Gonzalez. This conversation was also recorded.
 
 
 8
 A week later, Alicea introduced defendant to Gonzalez in person. Defendant was introduced to Gonzalez in person as the man he had spoken with on the telephone. Defendant questioned Gonzalez about the sale, and affirmed that one kilogram would cost $24,000. Gonzalez also recorded this conversation. Defendant arrived at the meeting driving a brown Toyota (later used by his brother to deliver the cocaine).
 
 
 9
 On April 17, 1991, Agent Giuffre brought the purchase money to a parking lot where he met Alicea. After counting the money, Alicea telephoned defendant from Giuffre's car phone and stated that the money had been received. Defendant's brother then drove the brown Toyota to the parking lot of a store and handed the cocaine to Gonzalez. Alicea and Israel Martinez-Ferreras were arrested. Soon thereafter, defendant called Gonzalez on his pager, and Gonzalez told him he was in custody. Defendant asked if his brother had also been arrested. Defendant then told Gonzalez to conceal the recorded telephone number in the pager so that the police would not locate him.[2]
 
 
 10
 The evidence from these recorded conversations and the subsequent confirmation by the consummated sale itself strongly support the jury's finding that defendant participated in the conspiracy. See United States v. Aguilar, 948 F.2d 392 (7th Cir.1991).
 
 
 11
 Defendant also contends that the evidence showed multiple conspiracies, causing a fatal variance between the evidence and the single conspiracy charged. We have determined that the evidence was sufficient to support defendant's conviction for the single conspiracy charged. Thus, we need not discuss the variance contention. Aguilar, 948 F.2d at 392, n. 6.
 
 
 12
 For these reasons, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 In an unpublished order, we previously granted counsel's motion to withdraw and dismissed as frivolous the appeal from the conviction of defendant's brother, Israel Martinez-Ferreras. No. 92-1320 (7th Cir., filed Feb. 2, 1993)
 
 
 [2]
 The government agents traced the telephone number on the pager and arrested defendant at the apartment of Freddy Abreau. Abreau's telephone records indicated that the call to Gonzalez was made on that phone; and the call from Alicea to defendant just prior to the delivery of the cocaine was also made from that phone